UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GORDON,<br><br>                              Plaintiff,<br>   vs.<br><br>PRUDENTIAL FINANCIAL, INC.; JOHN GREENE; and MATTHEW VOELKER,<br><br>                              Defendants. | CASE NO. 06cv2304 IEG (WMc)<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>**(Doc. No. 86.)** |

Presently before the Court is a motion for attorneys' fees brought by defendants Prudential Financial, Inc., John Greene, and Matthew Voelker. Plaintiff Dennis Gordon opposes the motion. For the following reasons, the Court denies the motion.

BACKGROUND

The parties are familiar with the facts and procedural history of this case and they need not be repeated at length herein. Plaintiff Dennis Gordon brought this action alleging age discrimination by his former employer (Prudential Financial, Inc.) and his former supervisors (John Greene and Matthew Voelker). On July 24, 2008, the Court granted summary judgment in favor of defendants and closed the case. (Doc. No. 84.) The Court denied plaintiff's motion for leave to amend his complaint to delete the allegations that defendants discriminated against him in order to prevent full vesting of plaintiff's retirement benefits. Plaintiff did not present any evidence on the retirement benefit claims, and the Court granted summary judgment in favor of

1  defendants on those claims. (7/24/2008 Order at 8.) The Court also entered summary judgment
2  on plaintiff's claims for age discrimination. Although plaintiff believed he was mistreated in an
3  effort to force him to retire, defendants' actions did not create such intolerable working conditions
4  that a reasonable employee would have felt compelled to resign. Accordingly, the Court granted
5  summary judgment as to plaintiff's claims for constructive discharge, breach of contract,
6  constructive discharge in violation of public policy, and breach of the duty of good faith. (Id. at
7  11.) The Court also found defendants' actions were not sufficiently egregious to constitute
8  harassment or retaliation in violation of California law. (Id. at 12.) Finally, the Court granted
9  summary judgment on plaintiff's claims for retaliation and discrimination by the individual
10 defendants, Greene and Voelker. (Id. at 13.)

11                                    DISCUSSION
12 Defendants' Motion for Attorneys' Fees
13        Defendants request $87,698 in fees, a fraction of the more than $600,000 fees incurred in
14 defending this action. Defendants base their fee request on: (1) a fee-shifting provision in the
15 Employment Retirement Income Security Act ("ERISA"); (2) a fee-shifting provision in
16 California's Fair Employment and Housing Act ("FEHA"); and (3) fees incurred in bringing the
17 present motion.
18        A.     Attorneys' Fees Under ERISA
19        Defendants urge the Court to award $17,174 in fees attributable to the retirement benefits
20 aspects of the plaintiff's claims. ERISA contains a fee-shifting provision, 29 U.S.C. § 1132(g)(1),
21 which provides "[i]n any action under this subchapter . . . by a participant, beneficiary, or
22 fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to
23 either party." Plaintiff pleaded only state law claims in his complaint, but the Court found his
24 retirement benefit claims were preempted by ERISA. Defendants seek the fees incurred relating to
25 the retirement benefit claims. Plaintiff argues he did not bring any claims under ERISA and thus
26 Section 1132 does not apply.
27        In McDorman v. Sierra Auto Center, 770 F. Supp. 551 (D. Nev. 1991), another district
28 court faced this exact issue. Plaintiff initially brought state law claims, which the court dismissed

as preempted by ERISA. The court found defendants were not entitled to fees under Section 1132 because plaintiff never brought claims under ERISA. <u>Id.</u> at 552. The court explained:

> Considering the text of § 1132, the words "*by* a participant, beneficiary, or fiduciary," imply that a case falls under ERISA when the plaintiff affirmatively brings a suit under ERISA. In this case, plaintiff sued under state law only. Plaintiff sought damages for allegedly tortious conduct, not under the relief provisions of ERISA. Further, the tortious conduct plaintiff alleges defendants engaged in did not necessarily arise because of the plan.

<u>Id.</u> at 552. The <u>McDorman</u> court distinguished another district court decision in <u>Vance v. Aetna Life Insurance</u>, 714 F. Supp. 203 (E.D. Va. 1989). In <u>Vance</u>, defendants removed plaintiff's ostensibly state law claims based on ERISA preemption. Plaintiff then amended his complaint to assert claims under ERISA. Because the <u>Vance</u> plaintiff at some point brought claims under ERISA, an attorneys' fees award under Section 1132 was appropriate. Similarly, in <u>Transitional Learning Community v. Metropolitan Life Insurance Co.</u>, 913 F. Supp. 504 (S.D. Tex. 1996), plaintiff, an ERISA plan provider, initially characterized its claims as arising under state law. The court, however, recharacterized plaintiff's claims as arising under ERISA, and plaintiff prevailed. Plaintiff therefore properly received fees under Section 1132.

The facts of this case are most similar to the <u>McDorman</u> decision. Fees may be appropriate under Section 1132 even if a plaintiff initially pleads only claims under state law, as evidenced by the <u>Vance</u> and <u>Transitional</u> decisions. But if a plaintiff never "brings" claims under ERISA, either initially or after his claims are recharacterized as ERISA claims, then Section 1132 does not apply. In this case, apart from initially pleading state law claims regarding retirement benefits, plaintiff never pursued relief of any kind under ERISA. Indeed, he abandoned his retirement benefits claims because they were not supported by the evidence. The Court therefore follows the logic of the <u>McDorman</u> decision and finds defendants are not entitled to fees under ERISA.

Moreover, even if Section 1132 applied, the Court would exercise its discretion not to award the requested fees. The Ninth Circuit set forth five factors governing a district court's discretionary decision to award fees under ERISA in <u>Hummell v. S.E. Rykoff & Co.</u>, 634 F.2d 446 (9th Cir. 1980). The <u>Hummell</u> factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether

1  the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA
2  plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

3 Id. at 453; see also Credit Managers Ass'n of So. Cal. v. Kennesaw Life and Acc. Ins. Co., 25 F.3d

4 743 , 748 (9th Cir. 1994) (setting forth the same factors). None of the five Hummell factors favor

5 a fee award in this case.

6     First, plaintiff did not act culpably or in bad faith. Although plaintiff initially alleged

7 defendants acted in order to deprive him of retirement benefits, plaintiff did not present any

8 evidence at summary judgment that this was defendants' intent. Plaintiff did, however, present

9 evidence that defendants acted out of age-based animus. Plaintiff sought leave to amend the

10 complaint to delete the unsupported allegations. These actions do not indicate bad faith.

11     Second, plaintiff, an individual with approximately $150,000 annual income,[1] may be able

12 to satisfy a small fee award but is not in an economic position to easily pay any award. The Ninth

13 Circuit Court of Appeals has "frequently expressed [its] disfavor of awards of attorney's fees

14 against individual ERISA plaintiffs who seek pension benefits to which they believe they are

15 entitled." Corder v. Johnson, 37 F.3d 550, 556 (9th Cir. 1994). Because plaintiff is an individual,

16 this factor does not favor defendants.

17     The third and fourth factors are neutral. Nothing about this case suggests a fee award is

18 necessary in order to deter future similar conduct. Moreover, plaintiff did not represent a class or

19 seek relief which would affect other plan beneficiaries.

20     Finally, the Court considers the relative merits of the parties' positions. As discussed

21 above, plaintiff changed his theory of defendants' motivation from his initial allegations regarding

22 retirement benefits to his aged-based position at summary judgment. The evidence obtained

23 through discovery supported the age-based discrimination theory. Although plaintiff conceded the

24 retirement benefits argument and defendants therefore prevailed on that point, plaintiff behaved

25 reasonably and this factor does not favor defendants.

26     In summary, the Hummell factors do not favor an award of attorneys' fees in this case.

27 Accordingly, even if ERISA's fee-shifting provision applied, the Court would exercise its

28

---

[1] See Defendants' Motion Ex. B.

discretion and decline to award defendants any fees under Section 1132.

B.      Attorneys' Fees Under FEHA

Defendants also request $60,000 through the attorneys' fee provision in FEHA. California Government Code Section 12965(b) provides "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs." The California courts have held fees may only be awarded to a prevailing defendant under this section where the action is "unreasonable, frivolous, meritless or vexatious." See Cummings v. Benco Bldg. Svcs., 11 Cal. App. 4th 1383 (Cal. Ct. App. 1992) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978)).

Defendants limit their FEHA fee request to plaintiff's claims of discrimination and retaliation against Greene and Voelker, which they argue were brought without legal foundation. Defendants are correct that claims of discrimination and retaliation may not be brought against individuals under FEHA. Reno v. Baird, 18 Cal. 4th 640, 645-46 (1998); Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1174 (2008). Defendants did not file a motion to dismiss and raised this argument for the first time in their motion for summary judgment. In response, plaintiff conceded Greene and Voelker could not be liable on these claims under California law. The Court therefore granted summary judgment as to those claims against Greene and Voelker. (7/24/2008 Order at 13.)

Defendants argue naming Greene and Voelker in the discrimination and retaliation causes of action was thus not authorized by FEHA and thus legally groundless. The Court rejects this argument. Greene and Voelker were intimately involved in the allegedly discriminatory and retaliatory acts. Indeed, they were properly named as defendants on plaintiff's claim for harassment based on the same facts. See Cal. Gov. Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee."); Jones, 42 Cal. 4th at 1174. "Meritless" in this context does not mean "simply that the plaintiff has ultimately lost his case." Jersey v. John Muir Medical Center, 97 Cal. App. 4th 814, 831 (Cal. Ct. App. 2002) (citations omitted). Instead, it means "groundless or without foundation." Id. Plaintiff's claims, although legally untenable, had adequate factual foundation. There is no evidence suggesting plaintiff acted in bad faith, and the Court finds

plaintiff named Greene and Voelker in those claims because of legal error, not in order to act unreasonably, frivolously, or vexatiously.

Moreover, even if plaintiff did act unreasonably, defendants do not show that the claims erroneously brought against the individual defendants increased the attorneys' fees incurred in the case. Defendants request 10% of the total attorneys' fees incurred, or $60,000. Defendants argue 10% is a conservative figure because claims against the individual defendants constituted about 30% of the number of claims in the case. But defendants do not offer any reason to conclude any portion of the fees are attributable to the defense of the individual defendants. These fees would have been incurred in defending Prudential against the retaliation and discrimination claims and the individual defendants on the harassment claim. Defendants' strict mathematical approach does not consider the lack of an actual effect on the total fees incurred because of plaintiff's error. The Court therefore finds none of the requested fees were reasonably incurred in response to that error.[2] Accordingly, the Court declines to award any fees under FEHA.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' motion for attorneys' fees.

**IT IS SO ORDERED.**

**DATED: October 8, 2008**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 435 n. 11 (1983) ("We agree with the District Court's rejection of 'a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.' Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors.").