# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GORDON,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>PRUDENTIAL FINANCIAL INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. 06CV02304-IEG (WMC)<br><br>**ORDER DENYING MOTION TO RETAX COSTS**<br><br>**[Doc. No. 105]** |

Presently before the Court is plaintiff Dennis Gordon's motion to retax costs. For the following reasons, the motion is DENIED.

### BACKGROUND

The parties are familiar with the facts and procedural history of this case and they need not be repeated at length herein. Plaintiff Dennis Gordon brought this action alleging age discrimination by his former employer (Prudential Financial, Inc.) and his former supervisors (John Greene and Matthew Voelker). On July 24, 2008, the Court granted summary judgment in favor of defendants and closed the case. (Doc. No. 84.) On May 14, 2008, plaintiff filed a motion asking the Court to reconsider its Order Granting Defendants' Motion for Summary Judgment. (Doc. No. 162.) On August 1, 2008, after hearing oral argument, the Court denied plaintiff's motion. (Doc. No. 174.) Plaintiff filed an appeal on August 18, 2008. (Doc. No. 91.) Defendants moved for attorney fees on August 18, 2008 (Doc. No. 86.) The Court vacated the hearing on that

1 motion on September 3, 2008, and ordered the motion denied on October 8, 2008. (Doc. No. 111.)

2 Defendants filed their Notice of Application for Bill of Costs on August 8, 2008. (Doc.
No. 88,) and requested $16, 878.17 for "Other Costs." (Order Taxing Costs at 2.) Plaintiff filed an objection on August 26, 2008 (Doc. No. 96) and the Clerk of Court's office held a telephonic hearing on the motion with the parties on August 28, 2008. During that conference the Clerk determined that defendants were requesting $960.00 for "Fees of the Clerk" and $15,918.17 for "Fees of the Court Reporter." (Order Taxing Costs at 2.) Defense counsel was at that time ordered to file additional documentation regarding court reporter transcripts as discussed during the hearing. The Clerk of Court held a further telephonic Bill of Costs hearing on September 9, 2008.

The Clerk of Court entered an order taxing costs against plaintiff in the amount of $14,874.67 on September 10, 2008. (Doc. No. 104.) This amount included "Fees of the Clerk" in the amount of $960.00 and other costs totaling $13, 914.67 incurred in obtaining copies of the deposition transcripts of the following individuals: (1) Plaintiff Dennis Gordon (Volumes 1-3); (2) Sharon Taylor; (3) Cheryl Kern; (4) John W. Greene; (5) Matthew John Voelker (Volumes 1 & 2); and (6) Suzy Burnham. Out of the $15,918.17 in "Fees of the Court Reporter" defendants initially requested be taxed, the Clerk denied the following: (1) an unedited ASCII (RT) copy of Volume 1 of Dennis Gordon's deposition ($290.00); (2) fax services related to the same deposition ($55.00); (3) an unedited ASCII (RT) copy of Volume 2 of Dennis Gordon's deposition ($300.00); (4) an unedited ASCII (RT) copy of Volume 3 of Dennis Gordon's deposition ($357.50); and (5) a "4-day expedite" service related to the same deposition ($1,001.00). (Order Taxing Costs at 2-4).

Plaintiff filed the present Motion to Retax Costs on September 15, 2008 (Doc. No. 105.) Defendants opposed the motion on September 30, 2008 (Doc. No. 108,) and plaintiff replied on October 3, 2008. (Doc. No. 110.) Plaintiff's motion is based on the memorandum of points and authorities and other accompanying documents that plaintiff filed in connection with his August 26, 2008 Opposition to Cost Bill (Motion at 1-2,) but does not specifically address any of the Clerk's rulings from the September 10 order. Plaintiff's Reply specifically requests the court deny: (1) all costs associated with copies of depositions, except the deposition of Dennis Gordon;

(2) costs of state filing fees; and (3) ASCII deposition costs.  (Reply at 4).

## DISCUSSION

Plaintiff's Motion to Retax Costs does not specify any ruling of the Clerk to which he takes exception, as required by Local Rule 54.1(h)(2).  That Rule provides: "A motion to retax shall particularly specify the ruling of the clerk excepted to and no other will be considered at the hearing. . . ."  CivLR 54.1(h)(2).  Plaintiff, in his Reply states his Motion to Retax "incorporates all of the opposition papers filed with respect to Defendants' cost bill"  (Reply at 2,) and that those initial objections remain extant, making him fully compliant with the Local Rule.

District Courts promulgate Local Rules primarily to promote judicial efficiency, and have considerable discretion in interpreting and applying these rules.  <u>Lance, Inc. v. Dewco Services, Inc.</u>, 422 F.2d 778, 783-84 (9th Cir. 1970) (holding although a referee in bankruptcy failed to comply with one District Court Local Rule when it prematurely approved a creditor's proposed findings, conclusions of law, and judgment, it still could have been permissibly acting within its discretion under a separate Local Rule.)  Notwithstanding that discretion, when a Local Rule requires that a party moving to retax costs specify the ruling(s) excepted to, and the party merely repeats the same arguments previously made to the court, including the objections upon which he has already prevailed, a motion to retax costs is appropriately denied.  <u>Westbrook v. GES Exposition Services, Inc.</u>, 2007 U.S. Dist. LEXIS 32131 (D. Nev. 2007) (denying plaintiff's "Renewed and Improved Opposition to Bill of Costs" because "Plaintiff merely reiterate[d] the exact arguments made to the Clerk of the Court, including the objections he had already prevailed on.")

In the instant case, plaintiff's Motion to Retax Costs contains no mention of any particular ruling made by the Clerk in the September 10, 2008 Order.  (Doc. No. 104.)  In fact, plaintiff's Motion only briefly reiterates the arguments he made in his initial Opposition to Cost Bill and states that all support for the Motion to Retax lies in that initial Opposition.  In his Reply, plaintiff briefly states that he takes exception to the award of costs for all depositions except that of Dennis Gordon, and requests "that the state filing fees be denied; and that the ASCII deposition costs also be denied."  (Reply at 4.)  Plaintiff's Reply does not acknowledge that the Clerk had already

1 denied ASCII costs to defendant pursuant to plaintiff's prior objection. His blanket Motion to
2 Retax also includes by reference an objection to two other charges on which he had already
3 prevailed, "Fax Services" of $55.00, and as well as a "Four Day Expedite" charge of $1,001, both
4 of which the Clerk denied defendant. (Order Taxing Costs at 2-4.)

5 If plaintiff wished to move to retax every one of the Clerk's rulings, except for those
6 objections upon which he had already prevailed, he should have specified the remaining rulings to
7 which he objected in his Motion to Retax. If every party with broad objections to an Order Taxing
8 Costs simply referred the Court to its initial Opposition to the prevailing party's Bill of Costs, Rule
9 51.4(h) requiring parties to make specific exceptions to the Clerk's ruling would have no purpose.
10 Because plaintiff's Motion to Retax Costs fails to specify the rulings of the Clerk excepted to in
11 accordance with Local Rule 54.1(h)(2) and includes objections upon which he has already
12 prevailed, the Court DENIES the Motion.

### CONCLUSION

For the reasons stated herein, the Court **DENIES** plaintiff's Motion to Retax Costs. If plaintiff wishes to file an amended motion that complies with Local Rule 54.1(h)(2), he must do so by Monday, November 24, 2008.

**IT IS SO ORDERED.**

DATED: November 4, 2008

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**