UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GORDON,<br><br>          Plaintiff,<br>vs.<br><br>PRUDENTIAL FINANCIAL INC., et al.,<br><br>          Defendants. | CASE NO. 06CV02304-IEG (WMC)<br><br>**ORDER DENYING PLAINTIFF'S FIRST AMENDED MOTION TO RETAX COSTS**<br><br>**[Doc. No. 113.]** |

Presently before the Court is plaintiff Dennis Gordon's First Amended Motion to Retax Costs. For the reasons stated herein, the Court DENIES the motion and finds defendants are entitled to recover $14, 874.67 in costs.

**BACKGROUND**

The parties are familiar with the facts and procedural history of this case and they need not be repeated at length herein. Plaintiff Dennis Gordon brought this action alleging age discrimination by his former employer Prudential Financial, Inc. ("Prudential") and his former supervisors John Greene and Matthew Voelker. Plaintiff brought his complaint in the Superior Court of California, County of San Diego on September 5, 2006, and defendants removed the case to this Court on October 16, 2006. (Doc. No. 1.) On July 24, 2008, the Court granted summary judgment in favor of defendants and closed the case. (Doc. No. 84.) Plaintiff filed an appeal on August 18, 2008. (Doc. No. 91.)

Defendants filed their Notice of Application for Bill of Costs on August 8, 2008. (Doc. No. 88.) The Clerk of Court entered an order taxing costs ("Costs Order") against plaintiff in the amount of $14,874.67 on September 10, 2008. (Doc. No. 104.) This amount included "Fees of the Clerk" in the amount of $960.00 and "Fees of the Court Reporter" totaling $13,914.67, incurred in obtaining copies of the deposition transcripts of the following individuals: (1) Plaintiff Dennis Gordon (Volumes 1-3); (2) Sharon Taylor; (3) Cheryl Kern; (4) John W. Greene; (5) Matthew John Voelker (Volumes 1 & 2); and (6) Suzy Burnham.

Plaintiff filed a Motion to Retax Costs on September 15, 2008 (Doc. No. 105.) On November 4, 2008, the Court denied the motion because plaintiff did not specify the Clerk's rulings to which he objected, as required by Local Rule 54.1(h)(2). (Doc. No. 112.) The Court gave plaintiff leave to file an amended motion until November 24, 2008. (Id.) Plaintiff filed the present First Amended Motion to Retax Costs on November 21, 2008. (Doc. No. 113.) Defendants filed an opposition in December 8, 2008 (Doc. No. 115,) and plaintiff filed a reply on December 15, 2008. (Doc. No. 120.) The Court finds the matter fully briefed and appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

Plaintiff objects to the Clerk awarding certain deposition costs and "Fees of the Clerk" to defendants. The Court finds the Clerk properly taxed all of these costs in the Costs Order.

**1.    Legal Standard**

Fed. R. Civ. P. 54(d) (2009) provides for the taxation of costs other than attorney's fees to the prevailing party in a civil matter.[1] This rule creates a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591-93 (9th Cir. 2000); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) (superceded by statute on other grounds as stated in Davis v. KGO-T.V., Inc., 50 Cal App. 4th

---

[1] "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. . . . The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1) (2009).

772, 779 (Cal. App. 1st Dist. 1996)) (holding § 1920 is phrased permissively because "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.").

Under Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate. Courts may tax only costs defined in 28 U.S.C. § 1920, which "enumerates the expenses a federal court may tax as costs under the discretionary authority found in Rule 54(d)." Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 176 (9th Cir. 1990) (citing Crawford, 482 U.S. at 441-42). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Courts are free to interpret the meaning and scope of the items enumerated as taxable costs under § 1920. Alflex, 914 F.2d at 177. Once an item is determined to fall within § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case. Id.

**2.  Deposition Costs**

Plaintiff objects to the taxing of costs for copies of the deposition transcripts of: Sharon Taylor; Cheryl Kern; John W. Greene; Matthew John Voelker; Suzy Burnham; and Suzy D. Burnham. These costs totaled $8,706.92. Plaintiff argues to the extent Local Civil Rule 54.1 authorizes such recovery, it conflicts with 28 U.S.C. § 1920.

As a threshold matter, Local Rule 54.1 does not conflict with Section 1920. Local Rule 54.1(b)(3)(a) provides,

> The cost of an original and one copy of any deposition (including video taped depositions) necessarily obtained for use in the case is allowable. Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

ACivLR 54.1 (2007). Section 1920 simply provides a federal court may tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920 (2) (2008). The Ninth Circuit has held the provisions of a local rule similar to Local Rule 54.1 to be consistent with § 1920. In Alflex, the defendant prevailed on summary judgment and was awarded costs for expenses incurred in obtaining certain deposition transcripts. The court taxed the costs pursuant to a local rule that permitted taxing "the cost of the original and one copy of all depositions used for any purpose in connection with the case." Alflex, 914 F.2d at 176. The plaintiff argued the rule should not be followed because it allowed costs to be taxed that were not explicitly enumerated in § 1920. The Ninth Circuit held that § 1920 (2) encompasses the costs of deposition copies, subject to that statute's requirement that the copies be necessarily obtained for use in the case. Id. at 177 (citing Indep. Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, (9th Cir. 1963), cert. denied, 375 U.S. 922 (1963)).

      The local rule allowing taxation of costs in Alflex was more liberal than Local Rule 54.1 because it allowed taxation for copies of depositions used for "any purpose" in connection with the case, whereas Local Rule 54.1 provides that taxable deposition copies must have been "reasonably expected . . . [to] be used for trial preparation, rather than mere discovery." Because Alflex held that a more liberal local rule did not enumerate costs outside the scope of § 1920, Local Rule 54.1 is *a fortiori* within the scope of § 1920.[2]

      The remaining question is whether the deposition costs plaintiff opposes were "necessarily obtained for use in the case;" specifically whether the depositions, at the time they were taken,

---

[2] Plaintiff argues Alflex is inapposite because the Alflex plaintiff did not challenge the necessity of the depostion copies at issue. (Motion at 2.) This argument is unpersuasive. The Alflex court held as a threshold matter that the local rule's allowance for deposition copies fell within § 1920. Alflex, 914 F.2d at 177. A finding that the copies were necessarily obtained for use in the case was not a condition precedent for that holding. The Ninth's Circuit's holding in Alflex is therefore applicable to this case notwithstanding plaintiff's challenge to the necessity of the deposition copies.

could reasonably have been expected to be used for trial preparation. Defendants argue, "each deposition taken in this case was done for the purpose of trial preparation." (Opp. at 3.) In <u>Independent Iron Works</u>, the Ninth Circuit upheld a directed verdict against the plaintiff, and affirmed the district court's award of costs to the defendants for expenses incurred in obtaining copies of deposition transcripts. The court held the copies of the depositions the plaintiff took were "necessarily obtained for use in the case" because many of the deposed individuals were defendants' officers and employees, who might have been called as trial witnesses. <u>Indep. Iron Works</u>, 322 F.2d at 678-79. The Ninth Circuit upheld the district court's reasoning that the "possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits." <u>Id.</u> at 679.

This case is similar to <u>Independent Iron Works</u> because the deposition costs plaintiff challenges are for the depositions of the defendants themselves (Suzy Burnham, as the "person most knowledgeable" for Prudential Financial, Inc.; John Greene; and Matthew Voelker), and defendants' employees (Sharon Taylor; Cheryl Kern; and Suzy Burnham as an individual). (Opp. at 3-4.) Moreover, in plaintiff's deposition he specifically idenitifed Green, Voelker, Kern, and Taylor as Prudential employees he believed discriminated against him based on his age. (Transcript of April 18, 2008 Deposition of Dennis Gordon, Ex. 1 to Katz Decl. ISO Def. Prudential's Motion for Summary Judgment, Doc. No. 47-3, p. 484:4-484:16.) When the depositions were taken, it could reasonably have been expected that they would be used for trial preparation. The Court finds the copies were necessarily obtained for use in the case in accordance with Local Rule 54.1,[3] and that the Clerk properly taxed plaintiff for costs of the court reporter in the amount of $13, 914.67.

**3.    Fees of The Clerk**

Plaintiff objects to the "Fees of the Clerk" granted in the Costs Order, totaling $960. Plaintiff argues defendants may not recover these fees because defendants paid them to the state

---

[3] Plaintiff argues defendants have not demonstrated the copies were "necessarily obtained for use in the case" because defendants did not use any of the depositions in support of their motion for summary judgment. (Motion at 2.) The Court need not reach this argument, because the Court has found that the depositions, when taken, could reasonably have been expected to be used for trial preparation and are properly taxable under Local Rule 54.1.

court Clerk in connection with the removal of this action to federal court. (Motion at 3.) In support, plaintiff cites Terry v. Allstate Insurance Company, 2007 U.S. Dist. LEXIS 81051 (E.D. Cal. Oct. 31, 2007). The Terry court found that a prevailing defendant's costs for filing an answer and notice of removal in state court were not taxable costs under § 1920 (1). Id. at *5-6. Terry is not binding authority, however, and the Court declines to adopt the reasoning set forth in that case.[4] The Court finds the "Fees of the Clerk" associated with defendants' removal costs were properly taxed because: (1) the local rules properly authorize the taxation; (2) persuasive authority indicates costs of removing a case from state to federal court are "taxable costs" under § 1920; and (3) to find otherwise would cause an inequitable result.

Plaintiff argues to the extent the Southern District of California Local Rules authorize recovery of pre-removal costs, they conflict with 28 U.S.C. § 1920. The Court again finds the relevant provisions of Local Rule 54.1 do not conflict with § 1920. Section 1920 provides a federal court may tax "[f]ees of the clerk and marshal." 28 U.S.C. § 1920 (1) (2008). Local Rule 54.1(b)(10), cites generally to § 1920, and also provides,

> In a case removed from the state court, costs incurred in the state court prior to removal shall be recovered by the prevailing party in federal court to the extent they are covered in this rule or otherwise permitted by state law.

ACivLR 54.1(b)(10) (2007). 28 U.S.C. § 1920 (1) does not distinguish between fees paid in actions intially filed in the district court and fees paid in state court cases that are removed to federal court. Courts are also free to interpret the meaning and scope of the items § 1920 enumerates as taxable costs. Alflex, 914 F.2d at 177. Local Rule 54.1.(b)(10) therefore permissibly defines the scope of "fees of the clerk and marshal" as provided by § 1920.

---

[4] Plaintiff asks the Court to take judicial notice of Terry. The Court takes judicial notice of Terry under Fed. R. Evid. 201, but is unpersuaded by the case's reasoning. Terry relied on Pershern v. Fiatallis N. Am., Inc., 843 F.2d 136 (8th Cir. 1987) and Lawrence v. Chancery Court of Tenn., 188 F.3d 687 (6th Cir. 1999). Pershern held § 1920 does not authorize the taxing of state court filing fees or removal bond premiums, but Pershern is an 8th Circuit case whose interpretation of § 1920 is not binding on this Court. Moreover, Lawrence is inapposite. Although Lawrence cited to Pershern with approval in dicta, the actual issue the Sixth Ciruit addressed was whether a state court maintains any power to collect state court costs incurred by a plaintiff after removal of a case.

Moreover, the Court is persuaded by findings of other district courts that the costs of removing a case from state to federal court are "taxable costs" under § 1920. See Raio v. American Airlines, Inc., 102 F.R.D. 608, 611 (E.D. Penn. 1984); Aguirre v. Turner Constr. Co., 2008 U.S. Dist. LEXIS 87143, at *9-11 (N.D. Ill. Oct. 27, 2008); Na Pali Haweo Cmty. Ass'n v. Grande, 2008 U.S. Dist. LEXIS 55946, at *5 (D. Haw. July 18, 2008). Finally, the Court agrees with defendants' argument that denying a prevailing defendant the fees they paid in state court connected with the removal of a case would cause an inequitable result. Plaintiff's choice to file suit in state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset. Raio, 102 F.R.D. at 611. The Court finds the "Fees of the Clerk" associated with defendants' removal costs were properly taxed under Local Rule 54.1(b)(10).

**4.     Plaintiff's Request for Stay Pending Appeal**

Plaintiff, in his reply brief, requests the Court stay enforcement of any Order taxing costs pursuant to Fed.R. Civ. P. 62 (2009). Plaintiff has not presented the Court with any case law supporting his entitlement to this relief. As plaintiff has not indicated under what subsection of Rule 62 he bases his request, the Court presumes plaintiff intends to proceed under Rule 62(d), entitled "Stay with Bond on Appeal."[5] Under Rule 62(d), a judgment debtor is entitled as a matter of right to a stay of execution of a money judgment pending appeal upon the posting of a supersedeas bond. "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution. . . ." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). However, the Court may also use its discretion to waive the bond requirement. In re Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977).

Plaintiff has not filed a supersedeas bond, and did not indicate that he would file a bond in the event he did not prevail on his Motion to Retax Costs. Moreover, plaintiff has not presented

---

[5] "Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) [judgment in an action for injunction or receivership] or (2) [judgment or order directing an accounting in a patent infringement action]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d) (2009).

any argument as to why the Court should waive the bond requirement under these circumstances. The Court therefore DENIES plaintiff's request for a stay of enforcement.

If plaintiff desires to request a stay under Rule 62(d) he shall file a supersedeas bond in the total amount of $14, 874.67 on or before February 9, 2009. For procedures related to filing the bond, the Court directs plaintiff's attention to Local Civil Rule 65.1.2.

**5.      Plaintiff's Request to Make a Deposit In Court**

Plaintiff's reply brief also requests that the Court allow him to deposit the total cost award with the Clerk of the Court in the event that the Court denies his request for a stay of enforcement. Plaintiff makes this request pursuant to Federal Rule of Civil Procedure 67,[6] and asks that the sum be held in a separate interest-bearing account pending resolution of his appeal.

Generally, Rule 67 enables a party to be relieved of responsibility for disputed funds while the parties litigate ownership of the funds. See Qwest Corp. v. City of Portland, 204 F.R.D. 468, 470 (D. Or. 2001) (quoting Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp., 901 F.2d 441, 444-45 (5th Cir. 1990). When there is no real dispute concerning the funds themselves, Rule 67 is not properly invoked. Prudential Ins. Co. v. BMC Industries, Inc., 630 F. Supp. 1298 (S.D.N.Y. 1986). The granting of a Rule 67 motion is a matter of district court discretion. Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir. 1987), modified on other grounds 831 F.2d 557 (5th Cir. 1987).

Plaintiff has not presented single argument to support his request to deposit the cost award with the Clerk.  Moreover, because plaintiff made the request in his reply brief, defendants have not had an opportunity to present any arguments in opposition.  The Court also sees no independent reason to grant plaintiff's request because plaintiff may obtain a stay of execution as a

---

[6] "Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." Fed. R. Civ. P. 67 (2009).

matter of right, so long as he files a supersedeas bond, as discussed in Section 4 *supra.* [7] The Court therefore DENIES plaintiff's request to deposit the cost award with the Clerk of the Court.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's Motion to Retax Costs. The Court affirms the Costs Order and enters judgment in favor of defendants for total costs of $ 14,874.67. If plaintiff wishes to stay this judgment pursuant to Fed. R. Civ. P. 62(d), he shall file a supersedeas bond in the total amount of $14, 874.67 on or before February 9, 2009.  The supersedeas bond must comply with the requirements of Local Civil Rule 65.1.2.

**IT IS SO ORDERED.**

**DATED:  January 23, 2009**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[7] Accord <u>Bergeson v. Dilworth</u>, 738 F. Supp. 1361, 1365 (D. Kan. 1990) , aff'd,  959 F.2d 245 (10th Cir. 1992).  In <u>Bergeson</u>, the court entered judgment against the defendants after a jury trial.  The defendants sought to deposit with the clerk a check in the amount of their insurance policy limit. The court denied defendants leave to make such a deposit until defendants moved for a stay of execution pending appeal.